MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick W. Covell,        )  | No. CV 07-2213-PHX-DGC (DKD) |
| Plaintiff,        ) | **ORDER** |
| vs.        ) | |
| Joseph M. Arpaio, et al.,        ) | |
| Defendants.        ) | |

On November 14, 2007, Plaintiff Frederick W. Covell, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint. In a November 30, 2007 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified by the Court.

On December 31, 2007, Plaintiff filed a First Amended Complaint. In a January 18, 2008 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to allege a proper jurisdictional basis for the First Amended Complaint. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified by the Court.

TERMPSREF

On February 27, 2008, Plaintiff filed a Second Amended Complaint (Doc. #10). The Court will order Defendant Arpaio to answer the Second Amended Complaint and will dismiss the remaining Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**II.     Second Amended Complaint**

In his Second Amended Complaint, Plaintiff sues Defendants Maricopa County Sheriff Joseph M. Arpaio, the Maricopa County Sheriff's Office, and Maricopa County.

In Count One, Plaintiff alleges a violation of his due process rights because Defendant Arpaio forms Jail policies, is aware of asbestos and lead contaminants in the Jails, and, with deliberate indifference to Plaintiff's health and safety, placed Plaintiff in contaminated living areas and did not remove the contaminants.

In Count Two, Plaintiff alleges a violation of his due process rights because Defendant Arpaio forms Jail policies, is aware of overpopulation in the Jails, and, with deliberate indifference to Plaintiff's health and safety, placed Plaintiff in an overcrowded jail. Plaintiff asserts that the overcrowded conditions lead to increased agitation and fights and that he has been traumatized by the overcrowded conditions.

In Count Three, Plaintiff alleges a violation of the Sixth Amendment and his access to the courts. He asserts that Defendant Arpaio forms Jail policies. Plaintiff claims that he has a pending habeas corpus case, two prospective habeas corpus cases, and a civil rights action. He contends that he cannot go to the law library and that he cannot obtain the assistance of a paralegal or law clerk. Plaintiff also alleges that the Defendants refused to provide Plaintiff with forms for filing subpoenas, civil rights actions, or petitions for writs

1  of mandamus or habeas corpus until after he filed a grievance regarding the issue and then
2  delayed in providing the forms. He alleges this has not allowed him to "recover a pending
3  habeas" case in this Court or subpoena witnesses.

4  In his Request for Relief, Plaintiff seeks injunctive, declaratory, and equitable relief,
5  and compensatory and punitive damages.

6  **III.    Failure to State a Claim**

7  A municipality may not be held liable unless its policy or custom caused the
8  constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence and
9  Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Department of Social Services, 436
10 U.S. 658, 694 (1978). Thus, a municipality may not be sued solely because an injury was
11 inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178,
12 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy
13 or custom inflicts the constitutional injury. Id. Thus, a § 1983 claim against a municipal
14 defendant "cannot succeed as a matter of law" unless the plaintiff (1) contends that the
15 municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury;
16 and (2) explains how such policy or custom caused the plaintiff's injury. See Sadoski v.
17 Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant
18 pursuant to Fed. R. Civ. P. 12(b)(6)).

19 Plaintiff has not alleged that a policy or custom of *Maricopa County* caused his
20 constitutional injuries. Moreover, in Arizona, the responsibility of operating jails and caring
21 for prisoners is placed by law upon the sheriff. See Ariz. Rev. Stat. § 11-441(A)(5); Ariz.
22 Rev. Stat. § 31-101. Therefore, Defendant Arpaio, not Defendant Maricopa County, is
23 designated by statute to form policies for the Jail. Accordingly, the Court will dismiss
24 Defendant Maricopa County.

25 Similarly, the Maricopa County Sheriff's Office is not a proper defendant. A sheriff's
26 office is simply an administrative creation of the county sheriff to allow him to carry out his
27 statutory duties and not a "person" amenable to suit pursuant to § 1983. Accordingly, the
28 Court will dismiss Defendant Maricopa County Sheriff's Office.

**IV.   Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated claims against Defendant Arpaio in Counts One, Two, and Three. The Court will require Defendant Arpaio to answer the Second Amended Complaint.

**V.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.   Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

**IT IS ORDERED:**

(1) Defendants Maricopa County Sheriff's Office and Maricopa County are **dismissed** without prejudice.

(2) Defendant Arpaio must answer the Second Amended Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. #10), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Second Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the

1 summons and of the costs subsequently incurred in effecting service upon Defendant. 2 The costs of service must be enumerated on the return of service form (USM-285) and 3 must include the costs incurred by the Marshal for photocopying additional copies of 4 the Summons, Second Amended Complaint, or this Order and for preparing new 5 process receipt and return forms (USM-285), if required. Costs of service will be 6 taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal 7 Rules of Civil Procedure, unless otherwise ordered by the Court.

8 (8) **If Defendant agrees to waive service of the Summons and Second** 9 **Amended Complaint, he must return the signed waiver forms to the United States** 10 **Marshal, not the Plaintiff.**

11 (9) Defendant Arpaio must answer the Second Amended Complaint or otherwise 12 respond by appropriate motion within the time provided by the applicable provisions of Rule 13 12(a) of the Federal Rules of Civil Procedure.

14 (10) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 15 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

16 DATED this 14th day of March, 2008.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge