JWB

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick W. Covell,<br><br>        Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>        Defendant. | No. CV 07-2213-PHX-DGC (DKD)<br><br>**ORDER** |

Plaintiff Frederick W. Covell brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio (Doc. # 10). Before the Court is Defendant's Motion for Summary Judgment (Doc. # 32). Plaintiff did not respond to the motion. The Court will grant Defendant's motion and terminate the action.

**I.      Background**

Plaintiff's claims arose during his confinement at the Maricopa County Lower Buckeye Jail in Phoenix, Arizona (Doc. # 10 at 1). In Count I, Plaintiff alleged that Defendant was aware of asbestos and lead contaminants in the jail but was deliberately indifferent in failing to take any action to abate these risks (id. at 3). In Count II, Plaintiff claimed that Defendant was deliberately indifferent to the overcrowded conditions at the jail, which led to increased agitation and fighting (id. at 4). In Count III, Plaintiff claimed that Defendant's policies denied Plaintiff's Sixth Amendment right of access to the courts because he was denied access to the law library and could not obtain the assistance of a

paralegal or law clerk (id. at 5). As a result, Plaintiff claimed he could not subpoena witnesses for his criminal case. The Court ordered Defendant to respond to Counts I, II, and III, and Defendant filed an Answer (Doc. # 13).[1] The Court issued a Scheduling Order (Doc. # 14) and discovery commenced.

Defendant has now moved for summary judgment on the grounds that (1) some of Plaintiff's claims are barred by the statute of limitations, (2) Plaintiff's constitutional rights were not violated, and (3) Plaintiff's claims must be dismissed because he has not suffered the requisite physical injury (Doc. # 32). In support of his motion, Defendant submitted his Statement of Facts (Doc. # 32, Def's Statement of Facts (DSOF)), Plaintiff's booking ticket (id., Ex. 1), Plaintiff's inmate housing information (id., Ex. 2), an inmate grievance response (id., Ex. 3), an asbestos report dated October 29, 2004 (id., Ex. 4), an asbestos report dated October 1, 2007 (id., Ex. 5), Plaintiff medical records (id., Ex. 6), Maricopa County Sheriff's Office Policy DP-6, Inmate Legal Services (id., Ex. 7), Guidelines for the Pro Per Inmate (id., Ex. 8); and copies of Plaintiff's grievances (id., Exs. 9-11).

The Court issued an order informing Plaintiff of his obligation to respond to the motion (Doc. # 21).[2] Plaintiff sought three extensions of time to respond. Each extension was granted (Doc. ## 34, 36, 38, 40, 43, 45). Plaintiff still failed to respond. The Court will, however, consider Plaintiff's Second Amended Complaint as an affidavit in opposition to Defendant's motion. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995) (verified complaint may be used as an affidavit opposing summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence).

## II. Legal Standards

### A. Summary Judgment

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine

---

[1] The Court dismissed Maricopa County and the Maricopa County Sheriff's Office as Defendants (Doc. # 11 at 5).

[2] Notice required under Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998).

issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). But conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. Anderson, 477 U.S. at 249; Devereaux, 263 F.3d at 1076.

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. And all reasonable inferences that may be drawn from the facts must be drawn in favor of the opposing party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**B.    Conditions of Confinement**

The Fourteenth Amendment's Due Process Clause provides that "detainees have a right against jail conditions or restrictions that 'amount to punishment.'" Pierce v. County

of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008) (citing Bell v. Wolfish, 441 U.S. 520, 535-37 (1979)). The Fourteenth Amendment standard is more protective than the Eighth Amendment; "[t]his standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Pierce, 526 F.3d at 1205; Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004). The Ninth Circuit has held that pretrial detainees' rights under the Fourteenth Amendment are nonetheless comparable to prisoner's rights under the Eighth Amendment; therefore, the same standards are applied. Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1216 (9th Cir. 2009).

Under the Eighth Amendment, courts must consider two components: (1) whether the deprivation was sufficiently serious to constitute "cruel and unusual punishment"; and (2) whether the defendants acted with a "sufficiently culpable state of mind." Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). With respect to the latter component, if the pain inflicted is not part of the punishment prescribed by the prisoner's sentence, there must be some "mental element" attributed to the defendant to constitute punishment. Byrd, 565 F.3d at 1217.

This "mental element," or intent requirement, applies in the pretrial detainee context; "whether a particular action or condition of confinement amounts to punishment turns on whether the action taken, or condition imposed, was accompanied by punitive intent." Id. (citing Bell, 441 U.S. at 538-39). Thus, the test for identifying unconstitutional punishment of pretrial detainees is whether there was an express intent to punish or whether there was an alternative purpose for the restriction and whether the restriction appears excessive in relation to this alternative purpose. Demery v. Arpaio, 378 F.3d 1020, 1028 (9th Cir. 2004).

Not every disability imposed during pretrial detention constitutes "punishment" in the constitutional sense. Bell, 441 U.S. at 537. To constitute punishment, the harm caused by the action or condition "must either significantly exceed, or be independent of, the inherent discomforts of confinement." Id. at 1030. A court should look at the nature of the condition and whether it is reasonably related to a legitimate governmental objective. Pierce, 526 F.3d

at 1205. If the condition or restriction is arbitrary or purposeless, a court may infer that the purpose of the action is punishment that may not be inflicted on pretrial detainees. Id. (citing Bell, 441 U.S. at 539).

### C. Access to the Courts

Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007), vacated on other grounds, 129 S. Ct. 1036 (2009). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. "[A]ccess to the courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty." Id. at 384.

To ultimately prevail on his claim, a plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips, 477 F.3d at 1076.

## III. Analysis

### A. Asbestos and Overcrowding

#### *1. Asbestos*

In Count I, Plaintiff alleged that Defendant was deliberately indifferent to a serious risk to Plaintiff's health by ignoring lead and asbestos contaminants in the jails. In support of his argument that he was not deliberately indifferent, Defendant submits an October 29, 2004 report from the Maricopa County Facilities and Equipment Management Department reflecting that no asbestos-containing materials were identified in their tests (Doc. # 32, Ex. 4). Further, Defendant submits an October 1, 2007 report from Synergy Environmental Management, Inc. indicating that no asbestos-containing materials were found (id., Ex. 5). Consequently, Defendant contends that Plaintiff cannot and has not shown a policy of unconstitutional conditions of confinement nor the culpable intent to establish a constitutional violation because no hazardous materials were found in the jail.

### *2. Overcrowding*

In Count II, Plaintiff alleged that Defendant was deliberately indifferent to overcrowded conditions in the Maricopa County Jails, which led to tension and fighting. Defendant argues that the record contains no evidence that he enacted a policy or custom that resulted in a violation of Plaintiff's constitutional rights and summary judgment is appropriate.

### *3. Analysis*

On this record, Defendant has met his initial burden to present the basis of his motion and identify portions of the record that show an absence of a genuine issue of material fact. The burden now shifts to Plaintiff to present specific facts to show that a genuine issue exists. Fed. R. Civ. P. 56(e). In failing to respond to Defendant's summary judgment motion, Plaintiff has not adduced any evidence to suggest that Defendant personally took any action to place him at risk of asbestos, lead, or overcrowding, or instituted any policy that placed him at risk. Nor do the allegations in Plaintiff's Second Amended Complaint change this conclusion. Plaintiff does not submit any specific allegations or evidence to support his claim that Defendant knew that Plaintiff was at risk from asbestos, lead, or overcrowding. The allegations in Plaintiff's Second Amended Complaint are nothing more than conclusory assertions insufficient to defeat summary judgment. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). "The prisoner must set forth specific facts as to each individual defendant's deliberate indifference." Id. at 634. He must prove that the specific prison official was deliberately indifferent and that this indifference was the actual and proximate cause of the injury. Id.

Here, there is no evidence to suggest Defendant was deliberately indifferent to Plaintiff's health or safety. In short, the evidence does not reflect a genuine issue of fact that Defendant participated in a constitutional violation, that he directed it, or that he showed a "callous indifference" to Plaintiff's health or safety. Defendant's motion for summary judgment will be granted as to Counts I and II.

///

**B.     Access to the Courts**

In Count III, Plaintiff claimed that Defendant promulgated policies that denied Plaintiff his right of access to the courts (Doc. # 10 at 5). Specifically, Plaintiff claimed that he was denied access to the law library and was not provided with a paralegal (id.). Plaintiff also alleged that Defendant intentionally "delayed his motions to the court for three weeks" and refused to supply him with writ-of-mandamus and civil-rights forms until after he filed a grievance (id.). As a result, Plaintiff claimed he could not recover a pending habeas action or subpoena witnesses on his behalf (id.)

Defendant is entitled to summary judgment on this claim. The first element of a denial-of-access-to-the-courts claim, whether there is a nonfrivolous underlying claim, requires Plaintiff to demonstrate that he had standing to assert his denial of access-to-courts claim. Id. To do this, Plaintiff must show that he suffered "actual injury[.]" Lewis, 518 U.S. at 351; Phillips, 477 F.3d at 1076 (finding actual injury when a prisoner was refused access to a comb-binding machine, which hindered his ability to file a timely petition for certiorari and ultimately resulted in the petition being rejected as untimely). Actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citations omitted). In his Second Amended Complaint, Plaintiff does not articulate the actual injury he suffered as a result of Defendant's policies. Indeed, the pleading itself acknowledges that Plaintiff was able to procure necessary forms (Doc. # 10 at 5 ("[Inmate Legal Services] did refuse to supply me with habeas corpus, writ of mandamus, and [civil rights] forms until after I grieved."). Plaintiff does not allege that any delay in procuring forms resulted in the loss of a contemplated action. Additionally, Plaintiff's conclusory statements that he was denied access to the law library and paralegal services are insufficient to defeat summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment.)

As for Plaintiff's statement in his Second Amended Complaint that he could "not recover a pending habeas [action,]" the Court notes that the right of meaningful access to the

courts requires only that an inmate not be impeded from *commencing* an action. Lewis v. Casey, 518 U.S. 343, 354 (1996); Cornett v. Conovan, 51 F.3d 894, 898 (9th Cir. 1995). Cornett makes clear that "the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action." Id. "Once the claim reaches a court . . . [t]he court can determine whether the claim warrants appointment of counsel to represent the plaintiff." Id. at 899. This is consistent with the Supreme Court's decision in Bounds v. Smith, which articulated that the "main concern" regarding the right of access to the courts was "'protecting the ability of an inmate to *prepare a petition or complaint*.'" 430 U.S. 817, 828 n.17 (1977) (emphasis added). Consequently, in this case, Plaintiff's own statement makes clear he was able to file a habeas action in district court. And Plaintiff in no way provides any factual support for his conclusion that he could not "recover" his habeas action. Finally, with respect to Plaintiff's claim he could not subpoena witnesses for his criminal case, Plaintiff does not articulate who he attempted to subpoena, how he was prevented from doing so, and how their testimony would have impacted his criminal proceeding.

In short, Plaintiff fails to provide any specific allegations or any evidence to suggest that Defendant promulgated policies or procedures that gave rise to a constitutional injury. Moreover, Christopher v. Harbury makes clear that the plaintiff must describe the "predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." 536 U.S. 403, 416 (2002). Plaintiff's Second Amended Complaint does not articulate the substance of the lost claims so that the Court could evaluate their merit. For all these reasons, therefore, Defendant is entitled to summary judgment on Count III.[3]

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion for Summary Judgment (Doc. # 32).

---

[3] Because the Court is granting summary judgment to Defendant, it need not reach Defendant's remaining arguments.

- 8 -

(2) Defendants' Motion for Summary Judgment (Doc. # 32) is **granted**.

(3) Plaintiff's action is dismissed with prejudice, and the Clerk of Court must enter judgment accordingly.

DATED this 1st day of September, 2009.

_____
David G. Campbell
United States District Judge